25 F.3d 1039
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Farzin DJAFARNIA, Plaintiff Appellant,
v.
Les ASPIN, Secretary of Defense, Defendant Appellee.
 No. 93-2183.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 5, 1994.
Decided: May 18, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CA-93-468-A)
 Farzin Djafarnia, Appellant Pro Se.
 Brian David Miller, Assistant United States Attorney, Alexandria, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before NIEMEYER and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Farzin Djafarnia appeals from the district court's order granting Defendant's summary judgment motion and dismissing his employment discrimination action. Djafarnia alleged discrimination on the basis of his nationality when he was terminated without justification from employment as an auditor trainee six months into a one year probation period with the United States Department of Defense, Defense Contract Audit Agency.*
 
 
 2
 Our review of the record and the materials filed in this Court discloses that this appeal is without merit. Djafarnia failed to establish a prima facie case of employment discrimination. See Lawrence v. Mars, Inc., 955 F.2d 902, 905-06 (4th Cir.), cert. denied, 61 U.S.L.W. 3257 (U.S.1992); Smith v. University of N. Carolina, 632 F.2d 316, 332 (4th Cir.1980). Moreover, he failed to rebut the legitimate, nondiscriminatory reasons Defendant proffered to support his decision to terminate him. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253, 256 (1981); Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-35 (4th Cir.1991). Accordingly, we affirm the district court's order.
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 While Djafarnia also alleged a violation of the Rehabilitation Act of 1973, as amended, the record before us does not contain a reference to any disability, or facts which would suggest any disability